In an action to compel specific performance of a contract for the sale of real property owned by defendants as tenants by the entirety, and for other relief, plaintiff purchaser appeals from an order dismissing the complaint for insufficiency as against defendant wife. Order reversed on the law, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to respondent to answer within ten days from the entry of the order hereon. The contract, annexed to the complaint and signed by plaintiff and by defendant husband but not by defendant wife, reads in part: “ I offer to purchase all of the land shown on a map by Surveyor Bromfield, dated March 27, 1929, in the name of E. W. Headington. I understand that of the 138 odd acres you now own roughly 100 acres more or less. I am offering to buy all of the land so designated, but not including that in the name of Lillian-E. Smith nor the lot of about two acres known as the Orchard which is in the extreme Southeast comer of said property, in the amount of $200 an acre.” It developed that the property designated to be sold was owned by defendants as tenants by the entirety, and not by the husband alone. The first cause of action against both defendants seeks specific performance of the contract based on the allegation that the husband signed the contract "for himself, and also on behalf of the defendant Lillian E. Smith, his wife, and as her duly authorized agent in writing * * The cause of action is sufficient. Although the contract is signed by the husband only, proof is admissible to show that it was signed on *1017 his own hehalf and on behalf of his wife. (Joehl v. Tricarico, 271 App. Div. 898; Levy v. Bothfeld, 271 App. Div. 973.) The property owned by defendant wife, expressly excluded from the contract, may be shown to refer to the approximately thirty-eight acres not purchased by plaintiff. For the foregoing reasons, the second eause of action against the defendant wife for damages for false representations as to the husband’s authority, and the third cause of action against the defendant wife for specific performance based on estoppel, are likewise sufficient. Carswell, Johnston and Nolan, JJ., concur; Hagarty and Adel, JJ., dissent and vote to affirm, with the following memorandum: The written contract annexed to the complaint expressly excludes land in the name of respondent. There is no allegation that the contract is ambiguous or of extrinsic facts which would serve to'enable plaintiff to procure judgment thereon as against respondent.